# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1724

_____

David A. Smith; Gladys H. Smith,      *
                                      *
                Appellants,           *
                                      *  Appeal from the United States
        v.                            *  District Court for the
                                      *  Western District of Arkansas.
Union Carbide Corporation,            *
                                      *  [UNPUBLISHED]
                Appellee.             *

_____

Submitted: February 7, 2007
Filed: March 26, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

David A. Smith and Gladys H. Smith (the Smiths) appeal from the district court's[1] grant of summary judgment in favor of Union Carbide Corporation (Union Carbide) in this diversity action. The district court held that the Smiths' action for breach of contract was time-barred. Upon de novo review, see Garner v. Arvin Indus., Inc., 77 F.3d 255, 257 (8th Cir. 1996), we affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

The Smiths leased the surface estate of their land to Union Carbide in 1979. They sued in Arkansas state court on July 7, 2004, alleging that Union Carbide breached the lease by removing "approximately 34,000 cubic yards of top soil." Union Carbide removed the action to the district court.

Arkansas' five-year statute of limitations on actions to enforce written contracts "begins to run when the breach occurs." Highland Indus. Park, Inc. v. BEI Def. Sys. Co., 357 F.3d 794, 798 (8th Cir. 2004) (citing Ark. Code Ann. § 16-56-111(a) (establishing five-year statute of limitations)). We agree with the district court that the Smiths' cause of action accrued by April 1997, when the Smiths' previous counsel sent a demand letter alleging that 34,050 cubic yards of soil had been removed from their property and threatening suit if Union Carbide rejected their settlement demands. We further agree with the district court that the statute of limitations was not tolled pending the expiration of the lease. See Zufari v. Architecture Plus, 914 S.W.2d 756, 761 (Ark. 1996) (cause of action accrued when government agency rejected architectural firm's design even though the firm subsequently "attempted to mitigate and correct the breach"). We also reject the Smiths' argument that there is a factual dispute concerning whether the breach occurred when Union Carbide removed the topsoil or when Union Carbide failed to restore the property before the lease expired in 1999. That argument is inconsistent the Smiths' own conduct in sending a demand letter and threatening suit, thereby indicating they regarded the topsoil removal as a breach at the time it occurred. See Wynn v. Sklar & Phillips Oil Co., 493 S.W.2d 439, 445 (Ark. 1973) (in determining "the intention of the parties" to a contract, a court may "accord considerable weight to . . . subsequent statements, acts and conduct"). Accordingly, we conclude that the Smiths' action was time-barred, as they failed to bring suit within five years of the alleged breach.

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____